# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CHRISTOPHER MYSZKA,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,; and<br>DOE 1-5<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

1

## PARTIES

3.     Plaintiff, CHRISTOPHER MYSZKA (hereinafter "Plaintiff" or "Mr. Myszka"), is a natural person residing in Houston, Texas.  Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 120 Corporate Boulevard in Norfolk, Virginia.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and or monies owed.  Defendants PORTFOLIO RECOVERY ASSOCIATES, L.L.C. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4.     Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5.     In late 2012, Defendants began contacting Mr. Myszka on his work cell phone in an attempt to collect a consumer debt alleged owed by Mr. Myszka.

6.     Mr. Myszka advised Defendants of the prohibition of calling him on his work cell phone number and that he could be fired if Defendants were to continue calling it.  Mr. Myszka specifically advised Defendants to mail him any necessary information concerning the alleged debt and not to call him.  Defendants were unable or unwilling to produce any documentation evidencing that Mr. Myszka executed a contract giving rise to the alleged debt.

7. Despite Mr. Myszka having advised them of the prohibition of doing so, Defendants continued to call him on his work cell phone number through June of 2013. On multiple occasions Mr. Myszka answered the phone to advise Defendants that they were not to call the number before terminating the call.

8. Mr. Myszka, unable to cope with Defendants' repeatedly calls, obtained counsel with Centennial Law Offices. On May 14, 2013, staff from Centennial Law Offices contacted Defendant Portfolio Recovery Associates, L.L.C., provided notice that Mr. Myszka was represented by attorney Robert Amador, and provided contact information.

9. Defendants continued to place collection calls to Mr. Myszka despite having actual knowledge Mr. Myszka was represented by counsel. One such call occurred at 1:51pm on June 6, 2013 in which Defendants advised Mr. Myszka that they were calling to collect a debt. Mr. Myszka advised Defendants that he couldn't help them and hung up.

10. On June 7, 2013, Mr. Amador contacted Defendants. Defendant Portfolio Recovery Associates, L.L.C. confirmed that they were notified that Mr. Myszka was represented by counsel on May 14, 2013 and that the last time they attempted to contact Mr. Myszka was on June 6, 2013.

11. As a direct result of the collection activity herein alleged, Mr. Myszka has incurred legal fees of $2,255.00.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and

3

herein alleges that Defendants violated 15 U.S.C. 1692d as follows: 1.) Defendants continued to call Plaintiff despite Plaintiff having made reasonable attempts to resolve the debt; and 2.) Defendants continued to call Plaintiff despite having actual knowledge that Plaintiff was represented by counsel.

## COUNT II

13. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff by continuing to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

## COUNT III

14. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2) by continuing to contact Plaintiff on his work cell phone number after being advised of the prohibition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,255.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: October 14, 2013

s/Robert Amador
Robert Amador, Esq. (CA State Bar # 269168)
Attorney for Plaintiff Christopher Myszka
(Attorney-in-charge; Pro Hac Vice)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com
